IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAIME T. MARQUEZ,

      Plaintiff,

vs.                                                                Civ. No. 02-1013 JP/WWD

CHERYL K. BACA, HIGHWAY AND
TRANSPORTATION DEPARTMENT
OF THE STATE OF NEW MEXICO,
and FRANCISCO J. GALLEGOS,

      Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

On November 8, 2002, Defendants New Mexico State Highway and Transportation

Department and Francisco Gallegos filed Defendants New Mexico State Highway and

Transportation Department and Francisco Gallegos' Motion to Dismiss to Dismiss [sic] Pursuant

to Fed. R. Civ. P. 12(b)(1) and (2) (Doc. No. 9). Having reviewed the briefs and relevant law,

the Court finds that the motion to dismiss should be granted and that the Plaintiff's claims against

Defendants New Mexico State Highway and Transportation Department and Gallegos should be

dismissed without prejudice.

A.  Background

On August 17, 2000, at approximately 12:05 p.m., the Plaintiff was a passenger in a

welding truck traveling south on U.S. Highway 54 near Carrizozo, New Mexico. Defendant

Cheryl Baca was driving a truck carrying cattle directly behind the welding truck. The welding

truck slowed down when it encountered a grass cutter sticking out onto the highway near the

crest of a hill. When the welding truck slowed down, Defendant Baca rear-ended the welding

truck causing it to go off the road and down an embankment. Defendant Gallegos was operating the grass cutter in the course of his employment for the Defendant New Mexico State Highway and Transportation Department. The accident allegedly caused the Plaintiff to suffer from various injuries.

On August 15, 2002, the Plaintiff filed this federal court action based on diversity jurisdiction. The complaint alleges negligence on the part of Defendants New Mexico State Highway and Transportation Department, Gallegos, and Baca. The complaint also alleges *per se* negligence by Defendant Baca. The Plaintiff seeks compensatory damages including past and future medical expenses, pain and suffering, loss of enjoyment of life, and past and future lost wages and benefits.

B. Discussion

Defendants New Mexico State Highway and Transportation Department and Gallegos argue that the Court lacks jurisdiction over the negligence claims asserted against them because the Eleventh Amendment bars those claims. The Plaintiff concedes that the motion to dismiss should be granted as to the Defendant New Mexico State Highway and Transportation Department. The Plaintiff, however, argues that the motion to dismiss should not be granted as to Defendant Gallegos.

"The eleventh amendment generally bars lawsuits in federal court seeking damages against states as well as against state agencies, departments, and employees acting in their official capacity." *Bishop v. John Doe 1*, 902 F.2d 809, 810 (10th Cir.), *cert. denied*, 498 U.S. 873 (1990)(citing *Florida Dept. of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 684 (1982)). Although the Plaintiff did not specify in the complaint whether he is suing Defendant Gallegos in

2

his personal or official capacity, the Plaintiff argues that he is suing Defendant Gallegos in his personal capacity, not in his official capacity. Accordingly, the Plaintiff contends that the Eleventh Amendment does not bar the negligence claim against Defendant Gallegos.

The Plaintiff's argument, however, is misplaced. A state may waive its Eleventh Amendment immunity by consenting to suit against itself, its entities, and its employees. *Id.* (citing *Alabama v. Pugh*, 438 U.S. 781, 782 (1978)). In New Mexico, the state of New Mexico has, through the New Mexico Tort Claims Act, consented to suits against its employees who have committed certain enumerated torts within the scope of their duties. *Id.* Those torts include negligent operation of machinery or equipment. NMSA 1978, §41-4-6 (1976). The state's consent to suit under the New Mexico Tort Claims Act "is limited to actions commenced in the state district courts." *Bishop*, 902 F.2d at 810 (citing NMSA 1978, §41-4-18(A) (1976); NMSA 1978, §41-4-4(F) (1976)). In other words, a plaintiff cannot pursue in a federal court diversity case a claim that a state employee committed one of the torts enumerated under the New Mexico Tort Claims Act while the employee was acting within the scope of employment. *Id.* Instead, the plaintiff must pursue that claim in state court. *Id.*

In this case, the complaint alleges that Defendant Gallegos was an agent, servant, and employee of the Defendant New Mexico State Highway and Transportation Department and that he acted within the course and scope of the agency, service, and employment of the Defendant New Mexico State Highway and Transportation Department when he was operating the grass cutter at the time of the Plaintiff's accident. ¶¶9 and 19 of Complaint and Jury Demand (Doc. No.1), filed Aug. 15, 2002. These allegations demonstrate that the Plaintiff sued Defendant Gallegos in his official employment capacity and that Defendant Gallegos is subject to Eleventh

3

Amendment immunity as provided by the New Mexico Tort Claims Act.  *See Bishop*, 902 F.2d at 810; *Gamboa v. Rubin*, 80 F.3d 1338, 1350 n.8 (9th Cir.), *opinion vacated on other grounds by* 101 F.3d 90 (9th Cir. 1996)(state official was not sued in individual capacity because it did not appear that she "acted beyond the scope of her statutorily designated authority"); *Smith v. New Jersey Transit Corp.*, 691 F.Supp. 888, 893 (E.D. Pa. 1988)(state employee is sued in an official capacity and subject to Eleventh Amendment immunity when the complaint alleges that the state employee's actions occurred within the scope of the duties of employment).  The negligence claim against Defendant Gallegos should, therefore, be dismissed without prejudice.

IT IS ORDERED that:

1.  the Defendants New Mexico State Highway and Transportation Department and Francisco Gallegos' Motion to Dismiss to Dismiss [sic] Pursuant to Fed. R. Civ. P. 12(b)(1) and (2) (Doc. No. 9) is granted; and

2. the Plaintiff's claims against Defendants New Mexico State Highway and Transportation Department and Francisco J. Gallegos will be dismissed without prejudice.

_____
CHIEF UNITED STATES DISTRICT JUDGE